## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAFAYETTE DIVISION

| | |
|---|---|
| **TERI SPEYRER OBO GEOFFREY SPEYRER** | **CIVIL ACTION NO.:** |
| **VERSUS** | **JUDGE** |
| **WYDETTE WILLIAMS, in his official capacity as the duly elected Sheriff of East Carroll Parish, and warden of RIVERBEND DETENTION CENTER, and DEPUTY KHALIL CLAY, individually and in his official capacity as employee of East Carroll Parish Sheriff** | **MAGISTRATE:** |
| | **JURY REQUESTED:** |

## COMPLAINT FOR DAMAGES

TO THE HONORABLE, THE UNITED STATES DISTRICT COURT IN AND FOR THE WESTERN DISTRICT OF LOUISIANA:

### INTRODUCTION

This is an action for money damages brought by complainant, TERI SPEYRER on behalf of GEOFFREY SPEYRER, pursuant to 42 U.S.C. 1983 AND 1988, the Fifth, Eight and Fourteenth Amendments to the United States Constitution, and under the laws of the State of Louisiana against WYDETTE WILLIAMS, in his official capacity as the duly elected Sheriff of East Carroll Parish and Warden of Riverbend Detention Center, and DEPUTY KHALIL CLAY, individually and in his official capacity as employee of East Carroll Parish Sheriff.

## JURISDICTION

1.

Jurisdiction is founded on 28 U.S.C. § 1331. The plaintiff further invokes jurisdiction of this Honorable Court, under 28 U.S.C. § 1367 to adjudicate claims arising under the Laws of the State of Louisiana including but not limited to Article 2315, Article 2317.1, Article 2322, et seq, of the Louisiana Civil Code.

## VENUE

2.

Venue lies in this Court under 28 USC § 1391(b)(2), as the events giving rise to this claim occurred within this judicial district.

## PARTIES

3.

Complainant, TERI SPEYRER on behalf of GEOFFREY SPEYRER, is a person of the full age of majority and a resident of Opelousas, State of Louisiana.

4.

Made defendant herein:

(1)   **WYDETTE WILLIAMS,** in his official capacity as the duly elected Sheriff of East Carroll Parish, upon information and belief, the duly elected Sheriff and the policy maker for East Carroll Parish Sheriff and Warden of Riverbend Detention Center ;

(2)   **KHALIL CLAY,** individually and in his official capacity as employee of the East Carroll Parish Sheriff.

The right of jury trial is herein requested under the Federal Rules of Civil Procedure.

## FACTUAL ALLEGATIONS

5.

At all times material hereto, Wydette Williams, was the duly elected Sheriff of East Carroll Parish Sheriff, the Chief Law Enforcement Officer of the Parish and the policy maker for Riverbend Detention Center.

6.

At all times material hereto, Deputy Khalil Clay, was an Employee of the East Carroll Parish Sheriff, and stationed at the Riverbend Detention Center.

7.

At all times relevant hereinafter mentioned, the individual Defendants were personally acting under the color of state law and/or in in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of Louisiana and/or the Riverbend Detention Center.

8.

Each and all the acts of the individual Defendants alleged herein were committed by said Defendants while acting within the scope of their employment with the East Caroll Parish Sheriff, and were done knowingly, recklessly, intentionally, wantonly, callously, and/or with deliberate indifference and/or gross negligence.

10.

On or about October 21, 2018, Complainant Geoffrey Speyrer was an inmate at Riverbend Detention Center. After shift was changed from day to night at about 6pm, Deputy Khalil Clay walked into B dorm Phase II where the Complainant was housed with other inmates. Deputy Clay spoke to Complainant and ordered him to move to a top rack bunk. Complainant reminded Deputy Clay that

he could not move on the top rack because of his military service-connected injuries, PTSD with severe night tremors, and traumatic brain injuries. Complainant further explained that surgery was performed on his left leg. Deputy Clay had already been informed about Mr. Speyrer's medical issues and his need for a bottom bunk three days prior from above said date, and in presence of a Deputy Holden, and Deputy Clay had previously agreed that the Complainant could stay on a bottom bunk until he received medical clearance.

11.

Despite having knowledge of the medical conditions of Complainant, Defendant Deputy Khalil Clay refused the request to remain on the bottom bunk, and ordered Plaintiff to get on the top or he would "be thrown in the hole"(solitary confinement). Complainant was left with no other option but to agree to get on the top rack for the night, and began to comply with Deputy Clay's orders.

12.

Despite the fact that Complainant was complying with Deputy Clay's orders, Deputy Clay ordered that Complainant was going to the "hole" anyway, because the Complainant had "debated" with Deputy Clay. Complainant complied with the orders and took his mat, and exited the dorm. While the Complainant was leaning against the wall with his mat in his hand, Deputy Khalil Clay walked up and hit him in  his face with a can of Mace, then sprayed the Mace on the Complainant's ear, into his mouth, nose and eyes, as well as all over  the left side of his body.

13.

While Complainant sat down on the floor due to burn injuries, Deputy Clay yet again hit on his face with can of Mace and again sprayed all over his body.  Deputy Khalil Clay slapped the

Complainant and threatened him with consequences, if he spoke to anyone about anything with respect to the entire incident.

14.

Another inmate, William Hawkins, witnessed the assault and ran towards the Complainant to help him, but Deputy Clay warned William Hawkins "if he helps or supports the Complainant, he will be the next".

15.

Deputy Khalil Clay continued to assault the Complainant and told him to stand up. Complainant was left with no other option or help and was bound to obey the order of Deputy Clay. Complainant stood up and Defendant Deputy Khalil Clay pushed the Complainant from behind, throwing him forward. Consequently Complainant fell, tripping over his mat, landing directly in front of the "hole". Deputy Clay slammed the door of hole on the Complainant and forced the Complainant to enter into the Cell.

16.

The following day an unknown Deputy, upon the instruction of Deputy Khalil Clay came and removed Complainant from solitary confinement, and forced him in another dorm and under a hot shower. Complainant's whole face and parts of his upper body were burnt by the mace, and the hot water caused extreme pain. After the hot shower, the Complainant was taken to E Dorm.

17.

After reaching to E Dorm, the other Inmates rushed to bring cold water for the Complainant eyes, but Complainant had lost eyesight in his left eye, and was coughing blood, but his medical complaints were ignored.

18.

The following day i.e. Monday 10/22/2018 in the morning, the Complainant was brought to the infirmary, still with no vision in left eye. Complainant's eyes and face were flushed before he was released. Due to the medical conditions of Complainant, including the surgical plates and hardware in his head, he was then assigned a bottom bunk.

19.

As a direct and proximate result of the said incident by the defendant, plaintiff, GEOFFREY SPEYRER, suffered the following injuries and damages; including but not limited to:

    a)  Excessive Force;

    b)  Mental anguish, and emotional pain and suffering;

    c)  Physical pain and suffering;

    d)  Medical bills, past, present and future;

    e)  Attorney's fees pursuant to 42 U.S.C. § 1988;

    f)  Economic damages;

    g)  Loss wages, past, present and future;

    h)  Loss of earning capacity;

    i)  Emotional trauma and suffering;

j)  Compensatory damages against Wydette Williams in his official capacity as Sheriff of East Carroll Parish;

k)  Punitive damages against Deputy Khalil Clay, in his personal capacity.

20.

The actions of the defendants violated the following, clearly established and well-settled federal and state constitutional rights of GEOFFREY SPEYRER to be:

(a) Freedom from being denied basic medical attention;
(b) Freedom from humiliation and harassment from Civil Officer;
(c) Freedom from unreasonable and excessive force.

## CAUSES OF ACTION

## COUNT ONE:

## Denial to provide Medical Care - 42 U.S.C. § 1983 and the Fourth Amendment

Plaintiff incorporates by reference all allegations in the foregoing paragraphs.

21.

The actions and policies of Defendant WYDETTE WILLIAMS in his official capacity, in his official capacity as Sheriff of East Carroll Parish Sheriff and Warden of Riverbend Detention Center, violated GEOFFREY SPEYRER clearly established constitutional rights. At all times relevant, Defendant WYDETTE WILLIAMS, in his official capacity as Sheriff of East Carroll Parish Sheriff, and policy maker for East Carroll Parish Sheriff and Riverbend Detention Center, acted under color of state law and is liable pursuant to 42 U.S.C § 1983. Their action was intentional, malicious, and reckless and showed a callous disregard for GEOFFREY SPEYRER rights.

22.

The actions and policies of Defendant Deputy Khalil Clay, was an Employee of the East Carroll Parish Sheriff, violated GEOFFREY SPEYRER clearly established constitutional rights. At all times relevant, Defendant, Deputy Khalil Clay, acted under color of state law and is liable pursuant to 42 U.S.C § 1983. Their action was intentional, malicious, and reckless and showed a callous disregard for GEOFFREY SPEYRER rights.

23.

WYDETTE WILLIAMS, in his official capacity as Sheriff of East Carroll Parish, whose policies and action directly and proximately caused GEOFFERY SPEYRER to suffer significant physical and psychological injuries. Accordingly, WYDETTE WILLIAMS, in his official capacity as Sheriff of East Carroll Parish and Warden of Riverbend Detention Center is liable to GEOFFERY SPEYRER for compensatory damages.

24.

Deputy Khalil Clay, in his official capacity as employee of Sheriff of East Carroll Parish, whose action directly and proximately caused GEOFFERY SPEYRER to suffer significant physical and psychological injuries. Accordingly, Khalil Clay, individually and in his official capacity as employee of the Sheriff of East Carroll Parish is liable to GEOFFERY SPEYRER for compensatory and punitive damages.

**COUNT TWO:**

**Abuse of Process - 42 U.S.C. § 1983 and the Fourteenth Amendment**

Plaintiff incorporates by reference all allegations in the foregoing paragraphs.

25.

The Fourteenth Amendment to the U.S. Constitution protects an individual's right to be free from unreasonable and excessive force.

26.

Complainant followed the correct course of action to alert the Defendants of his medical conditions, filed the proper paperwork, and generally followed all policies and procedures established by the Sheriff of East Carroll Parish and Warden of Riverbend Detention Center. Complainant request were ignored, and in some cases, never even delivered to the proper authorities.

27.

Defendants denied Complainant the right of life and liberty by refusing to follow the policies and procedures set forth by their employers.

28.

Defendant Khalil Clay in his official capacity as employee of the East Carroll Parish Sheriff intentionally and negligently caused injury and damage to the Complainant in violation of his 14th Amendment right and is liable to Complainant for punitive damages.

**COUNT THREE:**

**LOUISIANA CIVIL CODE ARTICLE 2315, ARTICLE 2322 AND ARTICLE 2317.1**

Plaintiff repeats and re-alleges the allegations in all the proceeding paragraphs as if set forth fully herein.

29.

The injuries of GEOFFERY SPEYRER are a result of the sole, combined and/or solidary fault, vicarious liability, strict liability and/or negligence of Defendants and/or joint tortfeasor(s) and/or his/its/their or as principal(s), employer(s), agent(s), representative(s), servant(s), employee(s), associate(s), parent(s), subsidiary(ies), lessor(s), lessee(s), insured(s) and/or insurer(s) in violation of La. Civil Code Art. 2315, Art. 2322 and Art. 2317.1. As a result of the sole, combined and/or solidary fault, vicarious liability, strict liability and/or negligence of Defendants, Geoffrey Speyrer suffered

general and/or special and/or punitive damages, including but not limited to physical pain and suffering, mental anguish and/or distress, great inconvenience, frustration, fear, embarrassment, humiliation, loss of enjoyment of life and society, and other damages that will be shown at the trial hereof.

## COUNT FOUR:

### Abuse of authority - 42 U.S.C. § 1983 and the Eighth Amendment

Plaintiff incorporates by reference all allegations in the foregoing paragraphs.

30.

Defendants engaged in inflicting undue and uncalled for punishment to the Plaintiff by physically assaulting the Complainant, not providing the medication where they were duty-bound to provide, and the egregious misconduct of the Defendant Khalil Clay was a clear violation of Complainant's 8th Amendment rights.

## COUNT FIVE:

### *Monell* Liability

Plaintiff incorporates by reference all allegations in the foregoing paragraphs.

31.

A municipality is liable under 42 U.S.C. § 1983 if the acts that violated a person's right were undertaken pursuant to the municipality's policies and customs.

32.

Defendant KHALIL CLAY, in his official capacity as employee of the East Carroll Parish Sheriff, directly caused the constitutional violations suffered by Geoffrey Speyrer, and is liable for the damages caused as a result of the conduct of the individual Defendant. The conduct of the Defendant Deputy was a direct consequence of the policies and practices of the Sheriff of East Carroll Parish Sheriff and the Warden of the Riverbend Detention Center.

33.

At all times relevant in this complaint, direct and proximate cause of the damages and injuries complained of were caused by policies, practices and /or customs developed, implemented, enforced, encouraged, and sanctioned by the Sheriff of East Carroll Parish and the Riverbend Detention Center, including the failure:

1. To adequately supervise and train its officers and agents, including Defendant, thereby failing to adequately discourage further constitutional violations on the part of its police officers;

2. To properly and adequately monitor and discipline its officers, including Defendant; and

3. To adequately and properly investigate citizen complaints of police misconduct and instead, acts of misconduct were tolerated by Sheriff of East Carroll Parish. The Sheriff of East Carroll Parish has acted with deliberate indifference to the constitutional rights of the Plaintiff. As a direct and proximate result of the acts as stated herein by each of the Defendants, the Plaintiffs' constitutional rights have been violated.

34.

This failure to supervise, discipline, or control its officers demonstrates deliberate indifference to the constitutional rights of the plaintiff and is directly responsible for the individual defendants acting the way they did as outlined in this lawsuit.

35.

Further the de facto unwritten policy, procedure, or custom, described herein, demonstrates deliberate indifference to the constitutional rights of the plaintiff and is directly responsible for the individual defendants acting the way they did as outlined in this complaint.

36.

The Sheriff of East Carroll is responsible for the supervision of the defendant officer, and was deficient as it to relates to unlawful arrests, unlawful seizures and unreasonable/excessive force. The Sheriff of East Carroll Parish made a deliberate indifferent choice to not provide adequate supervision of these officers to ensure that such actions are not repeated, and that is exactly why these defendant officers were enabled and in fact emboldened to violate the plaintiff's Constitutional rights as outlined herein.

37.

As a proximate result of the unconstitutional acts and omissions of Sheriff of East Carroll Parish, Plaintiff was harmed and suffered damages for his physical, mental, and emotional injury and pain, mental anguish, humiliation, and embarrassment.

38.

Further, the Sheriff of East Carroll Parish has explicit unconstitutional policies including:

a) To use unreasonable and excessive force;

b) abuse of authority;

c) To retaliate against citizens for exercising their rights guaranteed by the U.S. Constitution.

39.

These policies directly caused the harm suffered by the plaintiffs in the instant action.

PRAYER FOR RELIEF

**WHEREFORE**, complainant, TERI SPEYRER on behalf of GEOFFERY SPEYRER, prays that this Complaint be filed; that a jury trial be had as to the issues triable by jury; that compensatory damages, including, but not limited to, past, present and future mental anguish against defendants, individually and *in solido; punitive damages, individually,* that she be awarded monetary damages against defendants, individually and *in solido*; that attorneys' fees be awarded unto complainant;  that all costs of these proceedings be assessed against defendants, individually, jointly and *in solido;* and for any and all other relief this Honorable Court deems just and proper in the premises.

Respectfully submitted:

**L. CLAYTON BURGESS, A P.L.C.**
605 West Congress Street
Lafayette, Louisiana 70502-52 7050150
Telephone: (337) 234-7573
Facsimile: (337) 233-3890

s/L. Clayton Burgess
**L. CLAYTON BURGESS** (22979)
Attorney for Plaintiff