UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **TERI D SPEYRER ET AL** | **CASE NO. 6:19-CV-01282** |
| **VERSUS** | **JUDGE JUNEAU** |
| **WYDETTE WILLIAMS ET AL** | **MAGISTRATE JUDGE HANNA** |

## REPORT AND RECOMMENDATION

Before the Court is the Motion to Dismiss filed on behalf of Riverbend Detention Center (RDC). (Rec. Doc. 13). Plaintiff opposed the Motion (Rec. Doc. 15). The Motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, the Court recommends that RDC's Motion to Dismiss be granted.

### Factual Background

Plaintiff filed this suit against Wydette Williams, in his official capacity as Sheriff of East Carroll Parish and Warden of RDC and Deputy Khalil Clay. (Rec. Doc. 1). Sheriff Williams answered the suit. (Rec. Doc. 12). RDC filed the instant Motion to Dismiss on the grounds that it lacks the legal capacity to be sued.

## **Law and Analysis**

When considering a motion to dismiss for failure to state a claim under F.R.C.P. Rule 12(b)(6), the district court must limit itself to the contents of the pleadings, including any attachments and exhibits thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir.2000); *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 375 (5th Cir.2004). When reviewing a motion to dismiss, a district court may also consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir.2011), citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

The court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir.2007) (internal quotations omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir.2004)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir.1996). However, conclusory allegations and unwarranted deductions of fact are not accepted as true, *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974)); *Collins v. Morgan Stanley*, 224 F.3d at 498. To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell*

*Atlantic*, 127 U.S. at 570. The allegations must be sufficient "to raise a right to relief above the speculative level," and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)). Although RDC filed a motion to dismiss under F.R.C.P. Rule 12(b)(6), the issue raised—whether RDC possesses the legal capacity to be sued—is purely legal, such that the Court need not consider Plaintiff's factual allegations in great detail.

The capacity of a non-corporate entity to sue or be sued in federal court is governed by the law of the state where the district court is located. F.R.C.P. Rule 17(b)(3). Under Louisiana law, to possess such capacity, an entity must qualify as a "juridical person." See *City Council of City of Lafayette v. Bowen*, 94-584 (La. App. 3 Cir. 11/2/94), 649 So. 2d 611, 614, *writ denied sub nom.,* 94-2940 (La. 1/27/95), 650 So. 2d 244. A juridical entity is "an entity to which the law attributes personality, such as a corporation or partnership." La. Civ.Code art. 24. "[I]n the absence of law providing that an entity may sue or be sued, the entity lacks such capacity." *Bowen,* 649 So.2d at 614.

RDC submits that it is not a juridical entity, because no law imposes such status. RDC argues that the East Carroll Parish Sherriff is the proper entity. (Rec. Doc. 13-1). Plaintiff sued Sherriff Williams in his official capacity. (Rec. Doc. 1).

3

Plaintiff failed to present any argument opposing RDC's specific contentions or identifying any law which attributes juridical status to RDC. Further, other courts have noted that RDC is not a juridical entity. *Hanna v. Shumate*, No. 3:10-CV-1059, 2010 WL 5160136, at *10 (W.D. La. Sept. 22, 2010), *report and recommendation adopted,* No. 3:10-CV-1059, 2010 WL 5157308 (W.D. La. Dec. 14, 2010); *Daniels v. LeBlanc*, No. 3:11-CV-2112, 2012 WL 2089812, at *3 (W.D. La. Mar. 15, 2012), *report and recommendation adopted,* No. 3:11-CV-2112, 2012 WL 2090485 (W.D. La. June 8, 2012). Accordingly, the Court finds that Plaintiff has failed to show that RDC possesses the requisite legal capacity to be named as defendant. The Court recommends that RDC's Motion be granted.

## Conclusion

For the reasons discussed herein, the Court recommends that Riverbend Detention Center's Motion to Dismiss (Rec. Doc. 13) be GRANTED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana, on this 6th day of April, 2020.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE