UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| TERI SPEYRER OBO GEOFFREY SPEYRER | CASE NO. 6:19-CV-01282 |
| VERSUS | JUDGE JUNEAU |
| WYDETTE WILLIAMS ET AL | MAGISTRATE JUDGE HANNA |

## MEMORANDUM RULING

This Court ordered Plaintiff, Teri Speyrer, to file a memorandum explaining why this matter should not be transferred to the Monroe Division of this Court. (Rec. Doc. 22). Plaintiff did not comply. For the reasons discussed below, this suit should be transferred to the Monroe Division of the Western District of Louisiana.

## Factual Background

In October 2018, Geoffrey Speyrer was an inmate at Riverbend Detention Center ("RDC") in Lake Providence, Louisiana. (Rec. Doc. 1, ¶10). At that time, Wydette Williams was the Sheriff of East Carroll Parish and RDC's policy maker. (Rec. Doc. 1, ¶5). Deputy Khalil Clay was an employee of the East Carroll Parish Sheriff stationed at RDC. (Rec. Doc. 1, ¶6).

Teri Speyrer originally filed suit on behalf of Geoffrey Speyrer in this Court seeking money damages for injuries Mr. Speyrer suffered due to the alleged actions of Mr. Williams and Deputy Clay. (Rec. Doc. 1). In the Complaint, Plaintiff stated claims under 42 U.S.C. §§ 1983 and 1988, the Fifth, Eighth, and Fourteenth

Amendments to the United States Constitution, and the laws of Louisiana. (Rec. Doc. 1). Plaintiff claimed venue lies in this Court under 28 U.S.C. § 1391(b)(2) because the events giving rise to the claim occurred in this judicial district. (Rec. Doc. 1, ¶2).

This Court ordered Plaintiff to submit a memorandum explaining why the case should not be transferred pursuant to 28 U.S.C. § 1404(a). (Rec. Doc. 22). Plaintiff failed to file such a memorandum.

## **Applicable Law**

Plaintiff claimed venue for this lawsuit lies in the Western District of Louisiana under 28 U.S.C. § 1391(b)(2), which allows a civil action to be brought in the judicial district where the events giving rise to the claim occurred. 28 U.S.C. § 1391(b)(2). A federal court may transfer a civil action to another division where the suit could have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining the convenience of the transferee venue, the Court must consider the *Gilbert* factors. *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013) (citing *In re Volkswagen of Am, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc)). Therefore, the case may be transferred to the Monroe Division if venue is proper there and if the *Gilbert* factors weigh in favor of the change of venue.

## **Whether Venue is proper in the Monroe Division of the Western District**

The Court must first determine whether venue lies in the Monroe Division of the Western District of Louisiana. Venue lies in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

All the alleged mistreatment of Plaintiff occurred at RDC. (Rec. Doc. 1). RDC is in East Carroll Parish, which is in the Western District of Louisiana. (Rec. Doc. 1). Further, the Monroe division encompasses RDC. (Rec. Doc. 22). Therefore, venue is proper in the Monroe Division of the Western District.

## **Whether Transferee Venue is Clearly More Convenient**

Having determined that venue is proper in the Monroe Division, the Court must weigh the *Gilbert* factors to determine if the transferee venue "is clearly more convenient." *Radmax*, 720 F.3d at 288. First, the Court must consider "the relative ease of access to sources of proof." *Id.* The alleged mistreatment occurred at RDC, so sources of proof are likely to be at or near RDC. (Rec. Doc. 1). Because RDC is closer to Monroe than to Lafayette, the proof is relatively more easily accessible in Monroe. Thus, this factor weighs in favor of transfer.

Second, the Court considers "the availability of compulsory process to secure the attendance of witnesses." *Radmax*, 720 F.3d at 288. Both courts' subpoena power extends to all likely witnesses. Therefore, this factor is neutral.

Third, the Court weighs "the cost of attendance for willing witnesses." *Id.* If the distance between the existing venue for trial and the venue proposed under § 1404(a) is greater than 100 miles, "the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Id.* at 288-89. (quoting *In re Volkswagen AG*, 371 F.3d 201, 204-05 (5th Cir. 2004) (per curiam)). Monroe is almost 200 miles from Lafayette, and Monroe is closer to RDC. The witnesses of the alleged mistreatment are employees and inmates at RDC. (Rec. Doc. 1). Therefore, Monroe is more convenient for the witnesses, and this factor weighs in favor of transfer.

Fourth, the Court must consider "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Radmax*, 720 F.3d at 288. The only foreseeable practical problem with the transfer is a delay in the litigation process. However, the Fifth Circuit asserted that "garden-variety delay[s] associated with transfer" are not to be considered when ruling on a § 1404(a) motion to transfer because such delays "would militate against transfer in every case." *Id.* at 289. Therefore, no significant practical problems weigh on this transfer, so this factor is neutral.

Fifth, the Court considers "the administrative difficulties flowing from court congestion." *Id.* at 288. This Court is unaware of any administrative difficulties that would occur due to the transfer or retention of this case. Thus, this factor is neutral.

Sixth, the Court contemplates "the local interest in having localized interests decided at home." *Id.* RDC is within the Monroe Division of this Court. (Rec. Doc. 22). Thus, the Monroe Division has more of a local interest in this case than the Lafayette Division. So, this factor weighs in favor of transfer.

Seventh, the Court must consider "the familiarity of the forum with the law that will govern the case." *Radmax*, 720 F.3d at 288. Both this Court and the Monroe Division are in the Western District of Louisiana, so they are familiar with the same applicable laws. Both have an obligation to analyze Plaintiff's claims under 42 U.S.C. §§ 1983 and 1988, the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and the laws of Louisiana. This uniform application of and familiarity with the relevant federal and state laws ensures that Plaintiff will not lose the opportunity to seek redress for his claims. Therefore, this factor is neutral.

Finally, the Court considers "the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* As reasoned above, both this Court and the Monroe Division would apply the same laws to this case. Thus, transfer presents no conflict of law. Also, because both courts are within the Western District of Louisiana, transfer does not require the application of foreign law. Thus, this factor is neutral.

Five of the factors are neutral and three weigh in favor of transfer. Weighing these factors, the Monroe Division is clearly more convenient than the Lafayette Division. This convenience warrants the transfer of this case to the Monroe Division.

## Conclusion

For the reasons discussed herein, IT IS ORDERED that this case be transferred to the Monroe Division of the Western District of Louisiana.

THUS DONE in Chambers, Lafayette, Louisiana on this 23rd day of June, 2020.

_____
PATRICK J. HANNA